

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                              Opinion No. 0-7278

Re: Procedure to be followed
in calculating interest
on taxes collected, as
referred to in Articles
7346 and 7347, Revised
Statutes.

Your two letters, both dated June 7, 1946, request
the opinion of this department concerning the following
questions:

1. When discovery is made that certain
real estate has been omitted from the tax rolls,
and the same is assessed in accordance with the
provisions of Articles 7346 and 7347, R. S.,
should the interest referred to in Article 7347
be calculated at the rate of 6% per annum or
simply at a flat 6% of the total taxes due for
the years in question?

2. If our answer to the preceding question
is that the interest should be calculated at 6%
per annum, under the facts above outlined, should
the interest on taxes due for 1933 and prior years
be calculated from July 1, 1935 to date under
Article 7336d, V.A.C.S., or should it be calculated
from the date the taxes would have become delinquent
had the property been properly assessed.

Referring to your first question, Articles 7346
and 7347, R. S., provide in substance that when it is dis-
covered that any realty has been omitted from the tax rolls
for any time since 1884, the Commissioners Court may order
a list of such property to be made and the same is to be

Honorable George .. .ne..ard, .a.e 2

assessed and texed for t..e years o..itted, and there snell be added "a penalty equal in amount to wuat would be 6% interest to the date of maki..g said list from the date such properties would nrve bee.. delinquent had same been properly rendered by tne owner thereof at the time and for the years stated in said list."

We are of the opinion thet the language of the · statute means 6% per annum. Had the Legislature intended that a flst penalty of 6% be levied, we do not believe that it would have set forth the term for which interest was to be computed. It would have been mucn simpler for the statute merely to provide s flat penalty of 6%. Our construction of this provision is in accordence witn tne construction by the Comptroller for many years.

Our holding is in accord with common usage and follows the general rule. See 33 C. J. 196, wherein it is stated thet ".... where the contract contains no stipulation as to tne period to which tne rete agreed upon shall apply, it is construed so as to make the interest computable per annum, not for any longer or shorter period."

Further, it will be noted that Article 5073, R.S. imposes the penalties for usury when "a greater rate of interest than 10%" is received. Our courts have uniformly construed this language to mean 10% per annum. See for example Commerce Trust Company v. Best, 80 S. .. 2d 942, per Judge Snedley (adopted opinion by Commission of Appeals).

The answer to your second question involves a construction of Article 7336d, V.A.C.S. This "depression" measure was passed in 1934 and provided in part that "all interest and penelties that have accrued on all ad valorem . . . . taxes that were delinquent on or before August 1, 1934, . . . . are hereby relessed provided said . . . . taxes are paid after June 30, 1935, with an addition of 8% penalty . . . . together with interest . . . . of 6% per annum, on and from July 1, 1935. . . ."

It will at once be noted tnat in order for the interest and penalty remission bill to be applicable, the interest and penalty must have accrued on "taxes that were delinquent on or before August,1, 1934."

In the fact situation you present, the realty in question had never been on the tax rolls until this year, and it is being placed on the rolls under the provisions of Articles 7346 and 7347, supra.

We are of the opinion that, because no assessment was made in prior years, the taxes in question were not delinquent prior to this year, and hence Article 7336d is not applicable to this fact situation. In our Opinion No. O-2083, in construing Article 7298, R. S., we arrived at a similar conclusion.

In Clegg v. State, 42 Tex. 605, 609, our Supreme Court said:

"It has been repeatedly decided, that no right of action exists for the non-payment of an ad valorem property tax, until an assessment has been made as provided by law."

Similar statements of the law will be found in Republic Insurance Co. v. Highland Park Independent School District, 57 S. W. 2d 627; Dallas Joint Stock Land Bank of Dallas v. State, 118 S. W. 2d 941, no appeal; and in 40 Tex. Jur. 229.

In Brown County Water Improvement District v. McIntosh, 164 S. W. 2d 722, 726, error refused for want of merit, the court said: ". . . . In the absence of assessments no taxes are due."

The case of State v. Pioneer Oil and Refining Co. 292 S. W. 869 (Comm. of App.) dealt with a tax on gasoline. The statute required a dealer to report on the 25th of each month the amount of his sales for the preceding month and pay a tax thereon at the same time. The statute was repealed during early June and the question was whether the tax for May gasoline sales had become a liability to the State which the Legislature could not constitutionally release. The court held that the tax on May sales was not a "liability" under the constitutional provision. Article 3, Section 55, Texas Constitution. The court held that the liability was inchoate and could not accrue until June 25th. "Up to that time," said Judge Nickols, "it would have had a status comparable to a mere levy of an ad valorem tax without an assessment, and, thus, an essential element would have been lacking. . . ."

In Kersh Lake Drainage District v. State Bank and Trust Co., 92 Fed. 2d 783, the Court said:

nonorable George n. uneppard, lage 4

"It is evident that a tax cannot be delinquent until it has been made payable by some lawful procedure by the proper officials under the existing laws of the State."

The supreme Court of Indiana in Gallup v. Schmidt, 56 N. E. 443, 450, stated as follows: "As said in Redwood Co. v. Winona and St. Peter Land Co., 40 Minn. 512, 524, 42 N. W. 473, 477: 'One thing is very certain, . . . . that a penalty in any form cannot be imposed until a party is in default of some legal duty. A penalty for the non payment of a tax cannot be imposed until the person has an opportunity to pay it, and fails to do so'. It is misnomer to call such a charge a 'delinquent tax'. It was not a tax at all until after the assessment and extension were made. Before that time the claim existed only in the right to tax, and not until molded by the forms of law into a fixed charge was it susceptible of demand and exact payment."

In Ensley v. Board of Commissioners, 127 N. E. 217, (App. Ct. of Ind., Div. 1), the court, as in the Gallup case, supra, dealt with propert that had been omitted from the tax rolls. The court said:

"The question presented may be stated as follows: where property is omitted from the tax duplicates, and not assessed for several years, and is then discovered, placed upon the tax duplicate by the County Auditor, and the taxes for the several preceding years are collected by the County Treasurer, the same as current taxes for the year in which such omitted property was so listed for taxation, is the County Treasurer entitled to retain 6% of the amount so collected, under the provisions of Section 7332, Burns 1914? If the taxes so placed upon the tax duplicate are 'delinquent taxes', it follows that under section 7332, supra, which directs that the Treasurer shall be allowed 'a commission of 6% on all delinquent taxes collected by him' appellant would be entitled to recover the $19,104.51, with interest. The question, however, has been decided adversly to appellant's contention by the Supreme Court of this State. (Citing the Gallup case, supra)."

Honorable George H. Sheppard, Page 5

Under the foregoing authorities, we hold that the 6% interest referred to in your inquiry should be computed from the date the realty "would have been delinquent had same been properly rendered" as provided in Article 7347, R. S., and that Article 7336d is not applicable to this fact situation.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED SEP 17 1946

FIRST ASSISTANT
ATTORNEY GENERAL

By J. Arthur Sandlin
J. Arthur Sandlin
Assistant

JAS:ms


APPROVED
OPINION
COMMITTEE
BY